Kenneth Smith, Minor, by W. T. Smith, father and next friend et al., Appellants, v. Richard Seelbach, Appellee.

**Gen. No. 9,598.**

Opinion filed February 28, 1949. Released for publication March 28, 1949.

EARL S. HODGES, of Springfield, for appellants; MAURICE W. KEPNER, of Springfield, of counsel.

PROVINE, PINKERTON & MILEY, of Taylorville, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On December 9, 1945, the three minor children of W. T. Smith were riding in his car on their way to Morrisonville, Illinois. Kenneth, aged 19, was driving. It was dark. About one-half mile north of Morrisonville, their car struck the rear corner of the defendant's truck. All three of the children were seriously injured, and the car demolished. They brought suit in the circuit court of Christian county, and the defendant filed a counterclaim for damage to the truck, against the driver, Kenneth Smith. The jury found that the defendant was not guilty, and found that the plaintiff, Kenneth Smith, was guilty on the defendant's counterclaim. Judgments were entered on the verdicts, and plaintiffs appealed to this court.

Plaintiffs alleged in the first count that the defendant negligently left his truck on the highway, without displaying a light at the rear, contrary to the statute. In the second count the plaintiffs alleged defendant negligently parked his truck, unattended, upon a por-

tion of the main traveled part of the highway, when it was practical to park it off the highway, contrary to the statute. The same act was charged in the third count as being general negligence. Defendant denied these charges of negligence, and these are the two main questions of fact in the case.

The plaintiffs testified that they were proceeding south on the highway, about 30 miles per hour. Just a few feet north of the scene of the accident, a car passed them from the opposite direction, going about 40 to 50 miles per hour. Just as the cars passed, defendant's truck loomed up ahead out of the dark, and Kenneth struck the truck in the rear.

The only witnesses for the plaintiff on the question of whether the taillights were burning were the three plaintiffs, who all testified that the taillights on the truck were not burning.

The evidence for the defendant tended to establish the fact that the taillights were burning.

Defendant was in the business of transporting livestock from farmers in the vicinity to the stockyards at East St. Louis. About two weeks prior to the accident, new lighting equipment was installed on the truck. One switch controlled both the headlights, the parking lights and the taillights. About two hours prior to the accident, defendant checked the lighting equipment. It was in proper working condition.

The witness, Glenn Hill, testified that he observed all three of the red taillights burning about one hour before the accident.

The witness, Henry Wright, testified that he observed all three taillights burning about 30 minutes before the accident happened.

The witness, George Nagle, testified that he had observed all three taillights burning about 15 minutes before the accident.

The defendant testified that when he parked the truck in front of his home, he left the parking lights on. He did not go behind the truck to look at the tail-

lights, but, as previously stated, the parking lights and the taillights were controlled by the same switch, and if they were in good working order, as they were 15 minutes prior to the accident, then, if the parking lights were burning at the time of the accident, and it appears from the evidence they they were, then the taillights must have been burning at that time.

The witness, W. H. Kent, testified that he drove north past the truck, just prior to the accident, and saw that the parking lights were burning on the front of the truck. The truck was parked, headed in a southerly direction, and since he was going north he did not see the taillights.

The witness, Albert McKinney, testified that the taillights were burning when he drove south past the truck, not more than 15 minutes before the accident.

The witness, Alfred Mundhenke, one of the witnesses for the plaintiffs, testified that the parking lights were burning immediately after the accident.

The only witnesses who testified that the taillights were not burning at the time of the accident were the three plaintiffs. Six disinterested witnesses testified for the defendant to facts from which it could be found that the taillights were burning at the time of the accident.

The taillights may have been burning, or may not have been burning at the time of the accident, but, surely, this was a question for the jury, and in view of all this testimony which tended to establish that the lights were burning, we cannot say that the verdict is clearly contrary to the manifest weight of the evidence on this question.

Another disputed question of fact was as to the location of the truck at the time of the accident. The plaintiffs contended that the truck was left parked on the main traveled portion of the highway, while the defendant contended that it was parked on the shoulder of the road. The main traveled portion of the

road was covered with an oiled surface. The west shoulder was 8 feet wide. The truck was 7 feet 9 inches wide. The defendant testified that he parked on the shoulder, clearing the oiled surface by 4 or 5 inches. The right rear wheels were close to the ditch.

W. H. Kent, a witness for the defendant, testified that the truck was parked at the side of the road, wasn't in the road and wasn't obstructing the road.

Albert McKinney, another witness for the defendant, testified that the truck was on the shoulder and not on the oil.

The plaintiffs, and one other witness, testified that the truck was parked on the main traveled portion of the highway.

Again, such a conflict of testimony is to be resolved by the verdict of the jury. They have resolved it against the plaintiffs, and we certainly cannot say that the verdict is clearly contrary to the manifest weight of the evidence.

Plaintiffs complain of defendant's instruction No. 2, which reads as follows:

"You are instructed that in this case plaintiffs charge that certain acts and omissions on the part of defendant at the time and place of the accident in this case constituted negligence on his part which was the proximate cause of the injuries and damage claimed by plaintiffs and that the acts and omissions charged are:

"That defendant (a) negligently, recklessly and carelessly left his motor truck loaded with livestock standing headed in a southerly direction upon a public highway without displaying a light on the rear of the truck. "That defendant (b) parked his motor truck, loaded with cattle and hogs, unattended upon a portion of the main traveled part of the public highway when it was then and there practical to park the vehicle off of such part of the public highway.

"And that defendant (c) negligently, carelessly and recklessly failed to drive his motor truck from and off the public highway into the private driveway of his residence.

"You are further instructed that unless you believe from the greater weight of all the evidence that the defendant was guilty of one or more of these charges and that the same constituted negligence upon the part of the defendant which was the proximate cause of the accident, then you are instructed that plaintiffs cannot recover."

█ Plaintiffs complain that the instruction attempts to define the issues, but that the instruction is inaccurate and lacking in clearness, and that the issues are not properly defined. Complaint is made that the element that the truck was parked *in the nighttime* was omitted from part (b). The negligence charged in count II was the violation of a statute which does not limit the Act prohibited to parking in the nighttime. If the prohibition is violated, the statute is violated, whether it is in daytime or nighttime. For defendant to have told the jury in the instruction that it had to be in the nighttime, would have been an incorrect statement of the negligence charged.

█ Plaintiffs state that the width of the truck and road are such that as a practical matter defendant could not leave his truck entirely off the main traveled portion of the highway. The evidence does not support this statement. There was evidence to show that the truck could have been parked entirely off the shoulder of the road, and still left a clearance of five inches.

█ Complaint is made that the jury was told in the last paragraph of defendant's instruction No. 2 above set out, that they must determine whether plaintiffs' charges constituted negligence, but were not told that certain duties devolved upon the defendant by

virtue of statutory provisions, and that these alleged actions of the defendant were violations of the statute. This is a misstatement. The jury was not told that they must find that the acts constituted negligence, but that unless they believed that the negligence was the proximate cause of the injuries the plaintiffs cannot recover. The meaning was that the negligence charged, if proved, must be the proximate cause of the accident. Of course in order for plaintiffs to recover, they must prove that defendant's negligence was the proximate cause.

■ Plaintiffs also complain that this instruction did not advise the jury that they should consider the law, as given in the instruction, but referred only to the greater weight of the evidence. Two other instructions advised the jury they were to consider the evidence under the law given in the court's instructions. Instructions are to be considered as a series, and elements that might be missing in one instruction, can be supplied by those given in another.

Plaintiffs also complain of defendant's instruction No. 7, which is as follows:

"You are instructed that contributory negligence as used in these instructions is defined by the law to be such negligence on the part of an injured or damaged person as helped to bring about the injury or damage sustained by him. The law is that the injured or damaged person is not entitled to recover for injuries or damage to which any negligence upon his part contributed."

Plaintiffs refer to the case of *Piper v. Speroni,* 317 Ill. App. 540, wherein it was held that the following instruction should not have been given:

"You are instructed that contributory negligence is such negligence on the part of Donald Piper as helped to produce the injuries complained of."

■ The vice of this instruction is that the use of the words "such negligence on the part of Donald

Piper'' might well lead the jury to believe that the court was saying that Donald Piper was guilty of negligence. But in the instant case the plaintiffs were not referred to by name in the instruction, and we do not believe that the jury could infer that the court was advising them that plaintiffs in this case had been guilty of contributory negligence.

■ Other complaint is made with reference to instructions which refer to ''acts of negligence charged.'' It is said that the jury is referred to the complaint for the determination of the charges of negligence, and that this is a reversible error. Plaintiffs' objection is not well taken. Defendant's instruction No. 2, heretofore pointed out, advised the jury of the nature of the acts of negligence charged. It was not necessary for the jury to refer to the complaint. The acts of negligence charged were defined in the instructions.

■ We have read all of the instructions, and feel that the jury could not have been misled. This was a personal injury case. The issues were not complicated, and we believe that the jury understood what the issues were. We find no error in the giving of the instructions. The plaintiffs appeared to have had a fair trial. If the jury believed their testimony, they would have won the case, but apparently the jury did not believe that the accident happened in the manner in which plaintiffs testified it did happen. Plaintiffs are not now in a position to complain of the jury's decision. The judgment should be and is affirmed.

*Judgment affirmed.*